IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 C 5635 |
| | ) | |
| PAUL SIEGEL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Wells Fargo Bank, N.A.'s ("Wells") motions in limine and Defendant Paul Siegel's ("Siegel") motions in limine. For the reasons stated below, we grant in part and deny in part the motions in limine.

## BACKGROUND

Wells alleges that it is a national banking association and that Ty-Walk Liquid Sales, Inc. ("Ty-Walk") pledged its accounts receivable, other rights to payment, contract rights, and the proceeds stemming from those rights to Wells as security for loans that were extended to Ty-Walk by Wells under a loan agreement ("Loan Agreement"). Wells alleges that Ty-Walk ceased doing business in August 2001, and that in June 2003, an order was entered in the Circuit Court of the Sixteenth Judicial Circuit, Kendall County, Illinois, granting Wells possession of the collateral of the Loan Agreement. Wells has brought the instant action to enforce the

1

contractual rights of Ty-Walk that were assigned to Wells as part of the Loan Agreement.

Wells alleges that Ty-Walk was a grain merchant that marketed grain for farmers. Siegel is allegedly a grain farmer who entered into a program operated by Ty-Walk that was called the Farmer's Marketing Program ("FMP"), under which Ty-Walk marketed Siegel's grain. Wells contends that Siegel participated in the FMP under the terms of an agreement ("FMP Agreement"). Wells claims that when Ty-Walk ceased doing business, Siegel owed Ty-Walk $380,525 pursuant to the terms of the FMP Agreement and Siegel has refused to pay the balance due. Wells also contends that Ty-Walk provided Siegel with additional goods and services totaling $20,678.47, and Siegel refuses to pay for them. Wells further alleges that Ty-Walk made a loan payment to Commodity Credit Corporation on behalf of Siegel in the amount of $50,758.16, and Siegel refuses to reimburse Ty-Walk.

Wells brought the instant action and included in its complaint a claim alleging a breach of contract claim based on a breach of the FMP Agreement (Count I), a breach of contract claim based upon the alleged failure to pay for the additional goods and services provided by Ty-Walk (Count II), and a breach of contract claim based upon the alleged failure to repay the loan payment made by Ty-Walk on behalf of Siegel (Count III). Wells filed a motion for summary judgment and on October 19, 2006, we denied Wells' motion for summary judgment on Counts I and III and granted Wells' motion for summary judgment on Count II. The parties have now filed motions in limine.

## DISCUSSION

I.  Wells' Motions in Limine

Wells moves to bar evidence and argument relating to certain convictions. Wells also moves to bar the testimony of certain witnesses and to bar any reference to other lawsuits brought by Wells.  Finally, Wells moves to bar any reference to the decision of Wells to extend a loan to Ty-Walk.

A.  Motion to Bar Evidence and Argument Relating to Convictions

Wells moves to bar evidence and argument relating to the convictions of John C. "Buzz" Gibbons ("Gibbons") and Kathleen Lestina ("Lestina").  Wells brought the instant action to recover monies that were allegedly owed by Siegel to Ty-Walk. Gibbons and Lestina were convicted of crimes stemming from their operation of Ty-Walk in what Siegel calls the "biggest grain elevator scandal ever to hit Illinois."  (S. Ans. SJ 3).  Wells anticipates that at trial Siegel will attempt to introduce the convictions of Gibbons and Lestina in support of Siegel's contention that his account records with Ty-Walk were untrustworthy.  In our October 19, 2006, ruling granting in part and denying in part Wells' motion for summary judgment, we noted that the mere fact that officers of Ty-Walk were convicted of crimes does not create a genuinely disputed issue as to whether Siegel's account with Ty-Walk was accurate and trustworthy.  We stated that "Siegel cannot simply erase $20,678.47 in debt for [g]oods and [s]ervices that he purchased simply because Ty-Walk was involved in the alleged Scandal."  (10/19/06 OP 10).  Wells argues that the introduction of the convictions of Gibbons and Lestina are unduly prejudicial and should be excluded under Federal Rule of Evidence 403.

Despite our prior ruling, Siegel continues to argue for the admission of the convictions of Gibbons and Lestina contending that the conviction "for creating false

documents to enlarge the amount of grain held by Ty-Walk directly attacks the validation of the alleged contract and are appropriate to prove [Siegel's] affirmative defenses." (W. Conv. Ans. 4). We grant the motion to bar evidence and argument relating to the convictions of Gibbons and Lestina.

### B. Motion to Bar Testimony of Certain Witnesses and References to Loan

Wells moves to bar the testimony of Paul Wissmiller, James Stewart, Maurice Ormiston, Robert Constatine, James Koetz, Mike Haley, Jerry Koukol, Kirk Lieser, and Warren Peterson (collectively referred to as "Witnesses"). Wells also moves to bar any reference to other lawsuits filed by Wells to collect monies owed to Ty-Walk. Wells asserts that the Witnesses are defendants or otherwise involved in other cases in which Wells has sought to collect payments owed to Ty-Walk. Wells argues that the testimony of the Witnesses and references to other suits brought by Wells would be irrelevant or, at the very least, unfairly prejudicial.

Siegel argues that he will introduce such evidence to show that "Ty-Walk had a pattern, plan and common scheme to defraud lenders and farmers." (W. Suits. Ans. 2). Siegel contends that he will use the evidence to show that the allegedly "fraudulent scheme of Ty-Walk was not limited to Siegel himself, but was part and parcel of a bigger plan." (W. Suits. Ans. 2). Siegel has not shown that any such evidence relating to fraud is relevant in regards to the debt he allegedly owed to Ty-Walk. Therefore, we find that the testimony of the Witnesses would be irrelevant and unfairly prejudicial to Wells and we grant the motion to bar testimony of the Witnesses.

### C. Motion to Bar Evidence Relating to Loan Decision

Wells moves to bar any evidence or argument relating to Wells' decision to make a loan ("Loan") to Ty-Walk. Wells anticipates that Siegel will attempt to argue at trial that Wells did not exercise due diligence in investigating Ty-Walk before extending the Loan to Ty-Walk. Wells contends that Siegel will introduce evidence concerning the Loan to improperly suggest that Wells contributed to its own injury and that the jury should relieve Siegel of his debts allegedly owed to Ty-Walk because of Wells' negligence.

Siegel argues that the facts concerning the Loan are relevant since they are intertwined with the contract that is the basis of Siegel's liability in this case. However, Siegel himself concedes that "[w]hether Wells Fargo did a poor job of due diligence or was otherwise negligent in deciding to loan money to Ty-Walk is not at issue." (W. Loan. Ans. 3-4). We will allow Siegel to present evidence and argument that touches upon the Loan, but Siegel is barred from presenting evidence or argument concerning Wells' diligence in investigating Ty-Walk before the Loan or suggesting to the jury that Wells is somehow responsible for its damages because it failed to properly investigate Ty-Walk. Therefore, we grant in part and deny in part Wells' motion to bar any evidence or argument relating to the Loan.

II. Siegel's Motions in Limine

Siegel moves to bar evidence not properly disclosed and to bar evidence of an oral contract. Siegel also moves to bar the introduction of certain monthly statements.

    A. Motion to Bar Evidence Not Properly Disclosed

Siegel moves the court to exclude "evidence of, argument, testimony and

opinions regarding any witness or document not properly disclosed to Defendant pursuant to Fed. R. Civ. P. 26(a) and 26(e)." (S. Discl. 1). Siegel fails, however, to identify any specific evidence that he believes Wells will attempt to introduce at trial, which was not properly disclosed. Such a vague and generalized request that Wells follow the Federal Rules of Civil Procedure is not appropriate for a motion in limine. Wells is already bound by the Federal Rules of Civil Procedure, as is Siegel, and there is no need for an in limine ruling affirming such a fact. Therefore, we deny the motion.

### B. Motion to Bar Evidence of Oral Contract

Siegel moves to bar evidence or argument relating to an oral contract between Siegel and Ty-Walk since Siegel contends that the contract was invalid. Siegel contends that Count I is based upon an oral contract for services between Siegel and Ty-Walk and that since the contract could not be performed within one year, it was invalid pursuant to the statute of frauds. Wells correctly points out that Siegel is in essence contesting the very basis for Count I in this action and that Siegel's argument should have been raised in a dispositive motion rather than in a motion in limine. The dispositive motions deadlines have long since passed and were we to entertain Siegel's invalidity argument at this juncture, we would need to clarify that the motion is, in essence, a summary judgment motion and allow additional briefing, including the filing of statements of material facts. Siegel's argument relating to the validity of the contract is thus untimely and we decline to enter a ruling on the issue as a matter of law. Siegel will still be able to argue this point at trial as part of his defense. Therefore, we deny Siegel's motion to bar evidence of the oral contract.

### C. Motion to Bar Monthly Statements

Siegel moves to bar evidence or argument relating to monthly statements of Siegel's Ty-Walk account, which Siegel contends contain hearsay. Siegel also argues that no proper foundation can be laid for the monthly statements. We agree with Wells that Siegel's motion is overly vague and premature. If Wells decides to present the monthly statements at trial, Siegel may make a hearsay or foundation objection at that time. We cannot rule in advance concerning the monthly statements because Wells is entitled to attempt to lay a proper foundation for the monthly statements. Also, depending on the context in which the statements are introduced and the purpose of the introduction or exception that Wells seeks to invoke at trial, a hearsay objection could be sustained or overruled. Therefore, we deny Siegel's motion to bar the monthly statements.

## CONCLUSION

Based on the foregoing analysis, we grant Wells' motion to bar evidence or argument relating to the introduction of the convictions of Gibbons and Lestina. We grant Wells' motion to bar the testimony of the Witnesses and evidence of other cases filed by Wells. We deny Wells' motion to bar evidence or argument relating to the Loan to the extent that Siegel simply seeks to refer to the Loan as part of the background of facts. We grant Wells' motion to bar any argument or evidence that indicates that Wells did not engage in due diligence in investigating Ty-Walk prior to the Loan or that Wells is responsible for its damages as a result of defects in that investigation. We deny all three of Siegel's motions in limine.

                                                  _____
                                                  Samuel Der-Yeghiayan
                                                  United States District Court Judge

Dated: April 16, 2007