# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No.  05 C 5635 |
| | ) | |
| PAUL SIEGEL, | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Paul Siegel's ("Siegel") motion for reconsideration.  For the reasons stated below, we deny the motion for reconsideration.

## BACKGROUND

Siegel is a farmer and has been a farmer since the 1970s.  Ty-Walk Liquid Sales, Inc. ("Ty-Walk") was a grain merchant that marketed grain for farmers and provided farmers with additional goods and services.  Siegel began marketing his grain through James Tyler & Sons and switched his grain transactions to Ty-Walk due to the fact that Ty-Walk charged a lower commission.  In 2001 Ty-Walk ceased doing business.  Ty-Walk had previously pledged its accounts receivable, other rights to

1

payment, contract rights, and the proceeds stemming from those rights to Plaintiff Wells Fargo Bank, N.A. ("Wells") as security for loans that Wells extended to Ty-Walk under a loan agreement ("Loan Agreement"). After Ty-Walk ceased doing business, an Illinois state court entered an order, which granted Wells possession of the collateral of the Loan Agreement. Wells brought the instant action asserting Ty-Walk's contractual rights and alleging that Siegel had breached certain contractual obligations owed to Ty-Walk. Wells included in its complaint a claim alleging a breach of contract claim based on a breach of the Farmer Marketing Program ("FMP") operated by Ty-Walk (Count I), a breach of contract claim based upon the alleged failure to pay for additional goods and services provided by Ty-Walk (Count II), and a breach of contract claim based upon the alleged failure to repay the loan payment made by Ty-Walk on behalf of Siegel (Count III). On October 19, 2006, we denied Wells' motion for summary judgment on Counts I and III, and granted Wells' motion for summary judgment on Count II.

A bench trial commenced on April 23, 2007, and concluded on April 26, 2007. Following the trial, the parties filed post-trial briefs relating to Counts I and III, and on June 8, 2007, the court entered a ruling in favor of Siegel on Counts I and III. Final judgment was then entered on June 8, 2007, in favor of Siegel on Counts I and III and in favor of Wells on Count II. The filing period for all motions for reconsideration under Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") began to run when final judgment was entered on all Counts and Siegel filed the instant motion, pursuant to Rule 59(e), seeking reconsideration of the court's October 19,

2006, ruling granting Wells' motion for summary judgment on Count II.

## LEGAL STANDARD

Rule 59(e) permits parties to file, within ten days of the entry of a judgment, a motion for reconsideration seeking to alter or amend the judgment. Fed. R. Civ. P. 59(e); *see also Hill v. Baxter Healthcare Corp.*, 405 F.3d 572, 576 (7th Cir. 2005)(indicating that although Rule 59(e) is titled "motion to alter or amend judgment," it is referred to by the courts as a "motion for reconsideration"); *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760 (7th Cir. 2001)(referring to a Rule 59(e) motion as a "Motion for Reconsideration"). Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir. 1996)(citing *LB Credit Corp. v. Resolution Trust Corp.,* 49 F.3d 1263, 1267 (7th Cir. 1995)). Rather, under Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. *LB Credit Corp.,* 49 F.3d at 1267 (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)). The decision of whether to grant or deny a motion brought pursuant to Rule 59(e) "is entrusted to the sound judgment of the district court. . . ." *In re Prince,* 85 F.3d 314, 324 (7th Cir. 1996).

## DISCUSSION

Siegel argues that the court made a manifest error of law in granting Wells'
motion for summary judgment on Count II. In support of the motion for
reconsideration, Siegel presents only a general argument claiming that since the court
made findings regarding the unreliability of Ty-Walk records in the June 8, 2007
bench trial ruling, the court must have erred when it relied on documents such as an
affidavit signed by Ellen Trach ("Trach Affidavit") in granting Wells' motion for
summary judgment on October 19, 2006 on Count II. However, as the court
explained in its October 19, 2006, ruling, the court based its ruling on more than the
Trach Affidavit. Although Siegel contends that this court made a manifest error of
law in the October 19, 2006, ruling, Siegel fails to address the bases for the court's
ruling. The court ruled on October 19, 2006, based upon the proper summary
judgment standard, Local Rules, and materials in the record before the court at that
juncture.

## I. Local Rule 56.1

We based in part our October 19, 2006, ruling on Local Rule 56.1. Siegel fails
to recognize the significance of his responses to Wells' statements of material facts,
and fails to address in his motion for reconsideration whether certain facts were
properly deemed undisputed pursuant to Local Rule 56.1. Instead, Siegel attempts to
tie Local Rule 56.1 to the requirements in Federal Rule of Civil Procedure 56 ("Rule
56"). (Mot. 5). While, Local Rule 56.1 is triggered when a summary judgment
motion is filed under Rule 56, Local Rule 56.1 is an independent local rule intended

4

to isolate factual disputes for the court that is separate from the requirements of Rule 56 and nothing alleviated Siegel from his obligation to comply with the local rules in responding to Wells' motion for summary judgment. *See Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920, 922 (7th Cir. 1994)(stating that a court is not "obliged in our adversary system to scour the record looking for factual disputes and may adopt local rules reasonably designed to streamline the resolution of summary judgment motions").

The Seventh Circuit has made clear that the statements of material facts and responses are not mere formalities and "that a district court is entitled to expect strict compliance with Rule 56.1." *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004)(stating that "[s]ubstantial compliance is not strict compliance"); *Raymond v. Ameritech Corp.*, 442 F.3d 600, 604 (7th Cir. 2006) (stating that "district courts are entitled to expect strict compliance with Local Rule 56.1"). Thus, we properly assessed Siegel's responses to Wells' statements of material facts in accordance with Local Rule 56.1. *See Dent v. Bestfoods*, 2003 WL 22025008, at *1 n.1 (N.D. Ill. 2003)(stating that, pursuant to Rule 56.1, any facts included in a party's statement of facts that are not properly denied by the opposing party are deemed to be admitted); *Jankovich v. Exelon Corp.*, 2003 WL 260714, at *5 (N.D. Ill. 2003)(indicating that evasive denials that do not directly oppose an assertion are improper and thus the contested fact is deemed to be admitted pursuant to Local Rule 56.1).

II. Receipt of Goods and Services and Agreement to Pay

     In Count II, Wells alleged that Ty-Walk provided Siegel with certain goods and services ("Goods and Services") such as fertilizer and chemicals totaling $20,678.47, and Siegel refused to pay for them. Siegel argued in response to Wells' motion for summary judgment that there was insufficient evidence to conclusively show that he entered into an oral contract regarding the Goods and Services. (Ans. 7).

     In our October 19, 2006 ruling, we noted that Wells asserted in part in paragraph 22 ("Paragraph 22") of its statement of material facts that "[d]uring May through August 2001, Ty-Walk provided Siegel with certain goods and services on an open account and Siegel agreed to pay for those goods and services." (SF Par. 22). Siegel did not deny that he purchased the Goods and Services or that he agreed to pay for the Goods and Services. (R SF Par. 22). Siegel responded by first admitting that he purchased "fertilizer and chemicals" from Ty-Walk. (® SF Par. 22). Siegel failed to admit or deny whether he purchased all of the Goods and Services referred to by Wells. (R SF Par. 22). Siegel also failed to admit or deny whether he agreed to pay for the services. Instead, Siegel responded that "it [was his] belief . . . that he was current on his account with Ty-Walk." (R SF Par. 22). Siegel further avoided admitting or denying that he agreed to pay for the Goods and Services by stating only that he "testified that he does not owe" any money. (R SF Par. 22). Since Siegel did not provide a direct affirmation or denial of the facts contained in Paragraph 22, the facts were deemed admitted pursuant to Local Rule 56.1. Thus,

Siegel, through his refusal to directly affirm or deny facts and his attempts to artfully construct an evasive response to Paragraph 22, is solely responsible for the resultant undisputed facts under Local Rule 56.1. *See Waldridge*, 24 F.3d at 920 (stating in addition that a local rule pertaining to summary judgment "is more than a technicality"). We note that even though our summary judgment ruling specifically referred to Paragraph 22, Siegel fails to mention Paragraph 22 in his motion for reconsideration. In the absence of a proper denial of the facts in Paragraph 22, we properly concluded that it was undisputed under Local Rule 56.1 that Siegel received the Goods and Services and agreed to pay for them. The court thus properly concluded that it was undisputed that Ty-Walk provided Siegel with the Goods and Services and Siegel agreed to pay for them.

## III. Amount Owed

Siegel also responded to Wells' motion for summary judgment by contesting the amount owed by him for the Goods and Services.

### A. Paragraph 23

Wells asserted in Paragraph number 23 of its statement of material facts ("Paragraph 23") that "[a]t the time Ty-Walk closed, the amount Siegel owed for those unpaid goods and services provided was $20,678.47." (SF Par. 23). Siegel first responded to Paragraph 23 by indicating that he was current on his account for the Goods and Services and, in support of his position, Siegel cited only to one page

in his deposition transcript. (R SF Par. 23). However, at Siegel's deposition he merely indicated that he "thought [he] was current" and Siegel did not show that his belief was based on any substantive evidence. (Sieg. Dep. 87). On the issue of the purchase of Goods and Services from Ty-Walk, Siegel offered non-committal answers at his deposition concerning the Goods and Services. For example, when asked about topics such as the purchase of the Goods and Services, he responded with answers such as "I am not sure," "I could have," "I don't know," and "most likely." (Sieg. Dep. 87).

Also, in response to Paragraph 23, Siegel contended that the Ty-Walk records pertaining to the Goods and Services were "without credibility," but Siegel failed to point to evidence and instead vaguely asserted it was true "as described above." (R SF Par. 23). It was not clear what specific text Siegel intended to refer to or even if Siegel was refering to text earlier in his response to Paragraph 23 or to responses to prior paragraphs. Local Rule 56.1 was specifically created in order to prevent parties from presenting a court with such vague and confusing statements in order to create the appearance that there are disputed facts and move onto trial. *See Roger Whitmore's Auto. Services, Inc. v. Lake County, Illinois*, 424 F.3d 659, 664 (7th Cir. 2005)(stating that "L.R. 56.1 and similar rules assist the district court by 'organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side proposed to prove a disputed fact with admissible evidence'" and that "[i]t is not the duty of the district court to scour the record in search of material factual disputes")(quoting in part *Bordelon v. Chi. Sch. Reform Bd. of Trs.,* 233 F.3d 524,

527 (7th Cir. 2000).  Despite the fact that the court specifically referred to Paragraph 23 in its summary judgment ruling, Siegel failed to mention it in his motion for reconsideration.  Thus, Siegel has not shown that the court made any error in regards to Paragraph 23.

## B.  Cursory Answer to Motion For Summary Judgment Motion

Siegel argues in his motion for reconsideration that there are various pieces of evidence that show that the court erred in its summary judgment ruling.  However, in Siegel's answer and answer memorandum to Wells' motion for summary judgment Siegel failed to identify even one piece of evidence in the record to support his position in regard to the Goods and Services.  (Ans. 1-2); (Ans. Mem. 6-7).  Siegel chose to devote a mere one page in his answer memorandum to Wells' motion for summary judgment on Count II,  and the only reference made by Siegel at all to the evidence in the record was a conclusory statement that Wells "has failed to cite or produce anything from the record that establishes a contract for goods or services was formed in its motion for summary judgment."  (Ans. Mem. 7).  Siegel cannot now, in a Rule 59(e) motion, contend that he had meritorious arguments and knew of evidence to support his position, but forgot to present such matters to the court prior to the court's ruling on Wells' motion for summary judgment.  *See Moro,* 91 F.3d at 876 (stating that Rule 59(e) motions do not give a party the opportunity to present new arguments or evidence "that could and should have been presented to the district court prior to the judgment").

C. Consideration of Trial Evidence

Siegel apparently believes that the court should consider evidence presented at trial in 2007 in reconsidering the court's October 19, 2006 ruling on the motion for summary judgment. However, the court properly ruled on Wells' motion for summary judgment based on the evidence before it at the summary judgment stage. *See Steen v. Myers*, 2007 WL 1461401, at *4 (7th Cir. 2007)(stating that the Court has "consistently held that summary judgment is 'not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events'")(quoting in part *Hammel v. Eau Galle Cheese Factory,* 407 F.3d 852, 859 (7th Cir. 2005)). In fact, the basis for Siegel's contention at the summary judgment stage that Ty-Walk's records were not reliable was not even the same basis for his contention at trial that Ty-Walk's records were unreliable. Siegel's main basis for questioning the reliability of Ty-Walk's records at the summary judgment stage was due to the fact that Ty-Walk executives were convicted of fraud. The only exhibits attached to Siegel's answer memorandum to Wells' motion for summary judgment were a press release and plea agreement that related to criminal convictions against Ty-Walk's former CEO. However, evidence concerning such matters were not even admitted at trial. Thus, Siegel's motion for reconsideration is based upon evidence that was not before the court when it ruled on Wells' motion for summary judgment. The court properly ruled on the briefs and record before it at the summary judgment stage. Wells met its burden of presenting sufficient evidence supporting its

contention that Siegel owed $20,678.47 for the Goods and Services and Siegel failed to present arguments and point to sufficient evidence to genuinely dispute the amount owed for the Goods and Services that was presented by Wells. Thus, we properly concluded as a matter of law that Siegel owed Wells $20,678.47 for the Goods and Services.

## IV. Consistency with Bench Trial Rulings

Siegel also apparently indicates that there is an inconsistency between the summary judgment ruling on Count II and the bench trial ruling on Counts I and III. Although we properly ruled on Wells' motion for summary judgment based on the record before us at that juncture, we note that even when considering the evidence presented at trial as to Counts I and III, the ruling in regard to Counts I and III are not inconsistent with the ruling on Count II. In regard to Counts I and III during the summary judgment stage, unlike with Count II, Siegel responded to Wells' motion for summary judgment by pointing to sufficient evidence to support his claims on Counts I and III and Siegel did not make admissions on key issues as to those counts. Thus, there were genuinely disputed material issues of fact to be resolved at trial on Counts I and III.

The evidence presented at trial does not conflict with the court's ruling on Count II. Although the court rendered findings as to Counts I and III at trial, the Goods and Services referenced in Count II were not addressed at trial since the court had already found in Wells' favor as a matter of law on Count II. The procedures for

documenting the sales of goods such as fertilizer and chemicals to Ty-Walk's customers and the billing and collection procedures for such sales were not addressed at trial. Instead, the focus at trial was the billing and accounting process in regards to grain trades made by Ty-Walk on behalf of its customers. The reliability of the Ty-Walk's accounts relating to the Goods and Services were not at issue at trial. Thus, the court's ruling on Count II at the summary judgment stage was not inconsistent with the court's rulings on Counts I and III at the trial stage. Based on the above, we properly granted Wells' motion for summary judgment on Count II and Siegel has not shown that the court erred in any way. Therefore, we deny the motion for reconsideration.

## CONCLUSION

Based on the foregoing analysis, we deny Siegel's motion for reconsideration.


Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 27, 2007